# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **GREGORY RAYMOND KELLEY,** *Plaintiff* | § § § | |
| v. | § § | Case No. 1:20-CV-481-RP |
| **CITY OF CEDAR PARK, SEAN MANNIX, and CHRISTOPHER DAILEY,** *Defendants* | § § § § § | |

## ORDER

Before the Court are Plaintiff's Motion to Compel Responses to Requests for Production from Defendant City of Cedar Park, filed April 22, 2022 (Dkt. 82); Defendant City of Cedar Park's Response to Plaintiff's Motion to Compel, filed April 29, 2022 (Dkt. 84); and Plaintiff's Reply, filed May 6, 2022 (Dkt. 85). On May 2, 2022, the District Court referred Plaintiff's Motion to Compel to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

Plaintiff Gregory Kelley asked the Court to compel Defendant City of Cedar Park (the "City") to respond to 28 of his Requests for Production. Dkt. 82-1. The City served responses and objections to Kelley's Requests for Production on January 11, 2021. *Id.*

Plaintiff's Motion to Compel was filed more than two months after the discovery deadline expired and therefore is untimely. However, on May 10, 2022, the Court found that Kelley has shown exceptional circumstances for the late filing under Local Rule CV-16(e). Dkt. 87. On this day, the Court held a hearing on Plaintiff's Motion and heard oral argument from counsel.

1

## I. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)). When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). The party resisting discovery must show how each discovery request is not relevant or otherwise objectionable. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003). "A trial court enjoys wide discretion in determining the scope and effect of discovery." *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982).

## II.  Analysis

At the hearing, the parties informed the Court that they had resolved the majority of their discovery dispute, leaving only four Requests for Production to be addressed by the Court. Counsel are commended for acting promptly and reaching agreement as to most of the issues raised.

With respect to the remaining disputed issues, for the reasons stated on the record at the hearing, the Court **ORDERS** that Plaintiff's Motion to Compel Responses to Requests for Production from Defendant City of Cedar Park (Dkt. 82) is hereby:

(1) **DENIED** as to Requests for Production No. 1 and No. 29.

(2) **GRANTED IN PART** as to Request for Production No. 10. By agreement of the parties, this request is revised to state: "All documents produced as part of any comprehensive internal review of the entire Police Department or CID from 2010 to the present."

(3) **GRANTED IN PART** as to Request for Production No. 48, which is revised to request: "All documents to or from Defendant Mannix regarding the Cain, Cook, Johnson, Rethaber or Kelley investigations and complaints, including but not limited to arrests and investigations."

Unless otherwise agreed by the parties, Defendants are **ORDERED** to serve amended responses to Plaintiff's Requests for Production and produce responsive documents on or before **June 3, 2022**. All relief not expressly granted herein is **DENIED**.

It is **FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

**SIGNED** on May 13, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE